PETER SZANTO <u>949-887-2369</u>
11 Shore Pine
Newport Beach CA 92657

# United States District Court
# in and for the District of Oregon
1000 SW Third Ave, Portland ORE 97204

| | |
|---|---|
| Peter <u>SZANTO</u><br><br>**APPELLANT, PLAINTIFF**<br><br>**vs.**<br><br>Szanto Family Defendants,<br>JPMorgan Chase Bank,<br>Bank of America, et al<br><br>**APPELLEES, DEFENDANTS**<br><br>**Hon. Judge Simon** | **# 3:18-cv-939 SI**<br><br>**Various Matters from US Bankruptcy Court – District of Oregon Core Case -16-bk-33185 and Related Proceedings**<br><br>**Appellant / Debtor's Notice of Motion and Motion To Extend Time to File Withdrawal of Bankruptcy Reference Motion** |

18-cv-439            Motion to Extend Time    ó pg. 1

## 1. Certification in Compliance with Local Rule 7-1(a)

This Court's Motion Practice rule requires pre-motion party conferral. On 8-20-18 debtor / appellee telephoned contra party counsel Mr. Henderson, Mr. Cunningham, and Mr. Laurick. All of the calls went to voice mail. Debtor left messages asking for a return call so that the possibility of stipulation to an extension could be discussed.

As of the close of business on 8-21-18, debtor had received no calls from any of the above counsel. Therefore, pursuant to LR 7-1(a)(1)(B), opposing counsel willfully and intentionally failed to confer.

## 2. NOTICE

To the appellees and the Court, please take notice, pursuant to FRCP 6, appellant herein does notice, gives notice and serves notice that he is seeking an extension of the time in which to file his Motion to Withdraw the Bankruptcy Reference.

## 3. FACTS

At the hearing on 8-9-18, debtor discussed with the Court the completion of his Motion to Withdraw the Bankruptcy Reference. At that time, debtor's thoughts were merely to brief the mandatory portions of 28 USC 157(d)(2nd sentence). Debtor anticipated 2 weeks to file his motion.

Now, the following has occurred: debtor has reviewed the Bankruptcy court's bias and prejudice against him. Debtor now contends that the Bankruptcy court's lack of fairness is sufficiently demonstrable to show and prove good cause for invoking the first sentence, permissive withdrawal, of 28 USC 157(d).

Upon this ground, debtor prays that the due date of the Motion to Withdraw the Bankruptcy Reference be extended from **8-23-2018 until 9-13-2018**. Debtor believes the delay will benefit all parties and the Court in complete exemplification of the issues.

Debtor would also ask that the Court permit the parties to file two responses: one as to permissive withdrawal and one as to mandatory withdrawal. This will further enhance the clarity of the issues.

### 4. MEMORANDUM

FRCP 6(b) addresses extensions of time:

"**(1)** *In General.* **When an act may or must be done within a specified time, the court may, for good cause, extend the time:**

    **(A)   with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires**"

Appellant has found no local rule which alters FRCP 6. The current due date of the Withdrawal Motion is 8-23-18. The within application is being filed on 8-21-2018.

Thus, since the motion is made prior to the due date of the motion, the only requirement for extension is good cause.

18-cv-439   Motion to Extend Time – pg. 3

### *a. Good Cause – New Circumstances Necessitate Briefing Permissive Withdrawal*

Debtor has filed a motion to enjoin further proceedings in the Bankruptcy court [ECF 19]. The basis for that application is the intensity of the Bankruptcy Court's bias. That unfairness has affected and caused unjust decisions in, among other things, the appeals already before this Court.

Hopefully, to make further appeals unnecessary, this Court's jurisdiction over the core Bankruptcy will allow it to be decided fairly, correctly and justly the first time.

Thereupon, debtor asks a brief extension, properly to brief the facts and law which require immediate permissive withdrawal of the Bankruptcy.

Respectfully,

Dated August 21, 2018  *signed electronically* Peter Szanto

## Proof of Service

My name is Maquisha Reynolds, I am over 21 years of age and not a party to the within action. My business address is PO Box 14894, Irvine CA 92623. On the date indicated below, I personally served the within: **Motion** by e-mail to contra parties at:

nhenderson@portlaw.com

Bank of America's Portland counsel, Mr. Laurick, by email to:

**jlaurick@kilmerlaw.com** and **tparcell@kilmerlaw.com**

and by 1st Class Mail, in a sealed envelope with postage prepaid to:

1) JPMorgan Chase Bank's Portland Counsel:

Tim Cunningham at Davis Wright Tremaine

1300 SW Fifth Avenue, Suite 2400, Portland, OR 97201

2) United States Bankruptcy Court

1001 SW Fifth Avenue # 700, Portland OR 97204

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

Dated 8-21-2018 __/s/ signed electronically_____