# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PETER SZANTO**, <br><br>  Appellant, <br><br> v. <br><br>**JP MORGAN CHASE BANK, NA, ET AL.**, <br><br>  Appellees. | Case No. 3:18-cv-939-SI LEAD <br><br> **ORDER** |
| **PETER SZANTO**, <br><br>  Plaintiff, <br><br> v. <br><br>**EVYE SZANTO, ET AL.**, <br><br>  Defendants. | Case No. 3:18-mc-438-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

  Before the Court is Peter Szanto's ("Szanto") motion for a temporary restraining order ("TRO") or preliminary injunction enjoining all further proceedings in the bankruptcy court relating to Szanto's Chapter 7 proceeding until this Court resolves his pending motion to

withdraw the bankruptcy reference in Case Number 3:18-mc-438-SI.[1] In deciding whether to grant a motion for temporary restraining order ("TRO"), courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm without preliminary relief; (3) the balance of equities tips in his or her favor; and (4) that an injunction is in the public interest. *Id.* at 20 (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *All. for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132. Thus, a preliminary injunction may be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012).

---

[1] Although Szanto only filed his motion in the consolidated appeal of the bankruptcy court orders, the Court deems the motion also filed in the case requesting the withdrawal of the bankruptcy reference (Case No. 3:18-mc-438-SI) because it is most closely related to that case. The Court therefore had the Clerk of the Court file the motion in that case as well. Thus, this Order similarly is filed in both cases.

Szanto requests the extraordinary relief of a TRO or preliminary injunction because the bankruptcy court has scheduled a contempt hearing for August 23, 2018. Szanto asserts that the outcome of this hearing is a "foregone" conclusion because the bankruptcy judge refused to delay the hearing to allow Szanto time to gather additional evidence and the bankruptcy judge allegedly is biased. Thus, Szanto believes he will be found in contempt. Szanto argues that he will suffer irreparable harm because after he is found in contempt in the bankruptcy court, his credibility before this Court and any other court in the future will be "zero." The Court disagrees.

Any potential future finding by the bankruptcy court that Szanto is in contempt of a bankruptcy court order will not affect this Court's evaluation of the merits of Szanto's appeal or claims, or Szanto's credibility. Thus, Szanto fails to show that he will suffer irreparable harm absent injunctive relief. Szanto's motion for a TRO or preliminary injunction is denied.

**IT IS SO ORDERED.**

DATED this 21st day of August, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge