PETER SZANTO 949-887-2369
11 Shore Pine
Newport Beach CA 92657

# United States District Court
## in and for the District of Oregon
### 1000 SW Third Ave, Portland ORE 97204

| | |
|---|---|
| Peter SZANTO | # 3:18-cv-939 SI |
| **Debtor,** | **Appellant / Debtor's Notice of** |
| **Petitioner,** | **Motion and Emergency Motion for Writ of** |
| **Appellant** | **Prohibition (Temporarily Prohibiting** |
| **in this Court** | **Further Bankruptcy Court Proceedings)** |
| | **Staying All Bankruptcy Court** |
| | **Proceedings While Debtor Undergoes** |
| **Emergency Consideration** | **Major Cancer Surgery and** |
| **And Hearing are Requested.** | **Recuperates Therefrom** |
| **However, at Present,** | |
| **Petitioner Does Know How** | |
| **Soon After His Surgery on** | |
| **July 10, 2019, He Will Be** | |
| **Physically Able to** | |
| **Participate in Said** | |
| **Hearing** | |
| | **Hon. Judge Simon** |

**May it please this Honorable Court** -comes now Debtor seeking a WRIT of PROHIBITION --- so as temporarily to stay proceedings in the Bankruptcy Court while he undergoes and recuperates from major cancer surgery.

18-cv-939  28 U.S.C.A. § 1651  Emergency Petition For Temporary Prohibition of Bankruptcy Proceedings – pg. 1

### 1. Certification in Compliance with Local Rule 7-1(a)

This Court's Motion Practice rule requires pre-motion party conferral. On various days between June 17 and July 9, 2019, debtor / petitioner / appellant telephoned the contra parties counsels Mr. Henderson, Mr. Cunningham, Mr. Smith, Mr. Kukso, Mr. Blackledge and Mr. Laurick. All of the calls went to voice mail or receptionists. Debtor left many clear and concise messages summarizing the matters herein, asking for return calls so that the amended appeal matters herein could be discussed.

As of the close of business on July 9, 2019, debtor has received no calls from any of the above counsel. Therefore, pursuant to LR 7-1(a)(1)(B), opposing counsel did not confer with debtor/ appellant.

### 2. NOTICE and GROUNDS

To the respondents and the Court, please take notice, pursuant to 28 U.S.C.A. § 1651, petitioner / appellant / debtor herein does notice, gives notice and serves notice that he is seeking temporary **WRIT of PROHIBITION** relief from further proceedings in the Bankruptcy Court and from what Debtor contends is Judge McKittrick's intense and personal **hatred** against Debtor.

### 3. FACTS

**In the next few hours, Debtor will be undergoing 8 hours of cancer surgery to excise cancerous growths and resection his intestines. This is extremely serious surgery and there is very high probability that Debtor will die.**

The manner by which Debtor's health comes before this Court derives from the fact that Debtor has appealed most of the erroneous acts and decisions of Judge

McKittrick to this Court.

Debtor has diligently pursued his appeals in this Court, despite the constraints of: 1) his health (twice weekly chemotherapy which limits his ability to attend to other matters), 2) the necessity of full time work so as to provide the food, clothing and shelter to survive, 3) the on-going time intense preparation for proceedings in the Bankruptcy court which also require Debtor's immense energy and concentration.

Debtor was working on his most pressing task for this Court in early June (the application to vacate Judge McKittrick's jurisdiction over adversarial proceeding 16-3114 which is currently pending on appeal in this Court and scheduled for trial in the Bankruptcy court on August 26th). However, Debtor experienced a constellation of symptoms which caused his physician to order immediate exploratory surgery.

The results of his surgery were made known to Debtor on June 17th: that Debtor's melanoma had metastasized to his intestines and further immediate surgery was now necessary. Debtor made the facts immediately known to Judge McKittrick [EXHIBIT A].

Debtor requested a stay of the August trial, because with his upcoming surgery, which would necessitate 4-6 weeks of recuperation, Debtor simply could not prepare for trail. <u>Debtor merely asked that trial preparation be extended as an emergency matter</u>.

The gravity of Debtor's dire medical condition was not some new phenomenon which Debtor "sprung" upon the Court. Rather, Debtor has been very candid about his medical problems causing the need for various extensions of time since the outset of the Bankruptcy in 2016. (Debtor has been battling melanoma since 2014).

Judge McKittrick denied Debtor's request for a stay [EXHIBIT B].

Judge McKittrick sought additional information about Debtor's condition. During the course of the proceedings Debtor had previously supplied declarations from Drs.

Doonan and Globus. Subsequently, Mr. Henderson, lead counsel in case 16-3114, then (as reported to Debtor in excited utterances by both those physicians) did terrorize both medical professionals. Thus, Debtor was cautious in redacting material from his subsequent request for a postponement [EXHIBITS C and D]. That Motion was immediately denied under the theory that a stay request should be sought in the adversarial proceeding [EXHIBIT E].

Debtor filed yet another stay motion in adversarial proceeding 16-3114 [EXHIBIT F] accompanied by additional evidence [EXHIBIT G]. Debtor also supplied a supplemental declaration [EXHIBIT H]. And Debtor, through immense effort, obtained the hospital scheduling chart of his upcoming medical appointments including the 500 minute surgery scheduled for today. [EXHIBIT I].

Judge McKittrick orally denied this application, but has issued no order.

On July 5th, Debtor filed yet another application seeking a stay [EXHIBIT J]. This time the application was supported by Debtor's attending physician's affidavit [EXHIBIT K] and evidence of Debtor's doctor's medical license [EXHIBIT L].

Judge McKittrick has made no decision as to this application.

### a. **_Immediate Urgency_**

With the nearness of document exchange (16 days away) and trial (47 days from now), Debtor believes that Judge McKittrick should be realistic: Debtor will need 4-6 weeks to recuperate from surgery to a medical status where he is strong enough and alert enough to continue his trial preparation.

The 8 hours of surgery which will occur today will leave debtor physically and mentally exhausted.

18-cv-939   28 U.S.C.A. § 1651 Emergency Petition For Temporary Prohibition of Bankruptcy Proceedings – pg. 4

Debtor asks no other consideration than a stay which recognizes that 8-hours of cancer surgery and intestinal re-sectioning is a trauma from which the body needs time to heal and recover. **And would pray this Court take judicial notice of a fact of common knowledge that in the 4-6 weeks after cancer surgery wherein there is an intestinal resection of one's intestines, the ability to prepare for trial is constrained to an impossibility.**

### 4. MEMORANDUM

### a. Writ Relief is Proper Here

28 USC § 1651 establishes this Court's power to issue a Writ to prohibit further proceedings in the Bankruptcy court: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

Additionally, 28 USC 158(a) and Debtor's course of appeals in this Court, have also established this Court's continuing appellate jurisdiction to consider the present writ application – and to protect this Court's jurisdiction to achieve substantial justice between the parties. *Knauff v. Shaughnessy*, (1950) 179 F.2d 628.

The Bankruptcy court wherein the matters discussed in this application are proceeding is a division of this Court. Debtor has challenged this Court to withdraw its Bankruptcy referral – and Debtor's challenges to this Court's withdrawal order are not yet due.

Even though a writ of prohibition is a drastic remedy, it should be granted in this instance, because petitioner's right to the requested relief is clear and indisputable. *In re Vargas,* (1983) 723 F.2d 1461, 1468 accord *In re Missouri* (1981) 664 F.2d 178, 180.

The most significant reason why a writ of prohibition should be granted now is that <u>petitioner has no other adequate means of relief</u>, *In re Banker's Trust Co.* (1985) 775 F.2d 545, 547. Stay requests to the Bankruptcy court have been unsuccessful and <u>there is no other manner whereby Debtor can temporarily stay Bankruptcy proceedings</u>.

The fact pattern and evidence provided *supra* demonstrate Debtor's efforts to obtain a stay purely for health reasons. Debtor's medical crisis not being within Debtor's ability to control other than by submitting to complicated and dangerous surgery.

There is no deceitful prevarication by Debtor seeking to enjoy some endless stay. Rather Debtor has throughout his applications in the Bankruptcy court emphasized that 4-6 weeks will likely be reasonable (based on Debtor's physician and surgeons' estimates derived from hundreds of other patients). This is not an unreasonable request in the context and reality that 8 hours of surgery which will irretrievably alter Debtor's body, metabolism and digestive organs – and who knows what else.

Debtor is facing a grave and life-altering crisis with today's surgery. Debtor asks only that his stresses and fears about the upcoming Bankruptcy court proceedings not be magnified. Debtor's medical crisis would be compounded to be a mental trauma by the heaping upon him of the impossibility of preparing for an August trial while he is bedridden and incapacitated to work on trial preparation with his usual vigor.

### b. **_Judge McKittrick's Abused Discretion_**

**"A judge's discretion is not boundless and must be exercised within the applicable rules of law or equity."** *Savage v. Gorski* **(1988) 850 F.2d 64, 69.**

In the briefing Debtor has already submitted to this Court, he has sought to demonstrate the intensity of Judge McKittrick's hatred and bias towards him. In the present circumstance that bias is intense: In the coming 4-6 weeks, Debtor will, if he survives today's surgery, be so incapacitated and unable to work, that trial preparation

will be impossible. For Judge McKittrick even to entertain any notion that Debtor will be able to prepare for trial is logically and realistically absurd. Such judicial behavior can easily be recognized as an abuse of the discretion to treat a litigant fairly and equitably, because Judge McKittrick's actions of denial of a mere 4-6 week stay are tantamount to punishing Debtor just for being ill and in critical need of immense medical attention.

The inability of Judge McKittrick to recognize that Debtor's possible death is exceptionally good cause for a stay can readily be seen as judicial bias: **how horribly impacted must a litigant be by disease and medical necessity to be granted 4-6 weeks grace?** Ultimately, judicial bias can never be part of any litigation. Every party to an action is entitled to "due process right to a fair trial before an unbiased judge." *Citizens United v. FEC* (2010) 558 U.S. 310, 360. Also, a "fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison* (1955) 349 U.S. 133, 136.

**Here, due process fairness no longer exists in Judge McKittrick's court when a litigant on verge of death must grovel and beg for a brief postponement!!**

**Such intentionally abusive judicial discretion creates the requisite grounds for a Writ of Prohibition to issue on 2 important scores**:

    a) Debtor has demonstrated his clear and indisputable right to postponement of trial in the Bankruptcy court, because he will be incapable of preparing for trial in the next 4-6 weeks. These is an exceptional circumstance necessitating the issuance of a writ *U.S. v. Boe* (1976) 543 F.2d 151.

    b) Debtor contends that failing to grant a brief stay is a clear abuse of discretion (Bankruptcy court does not have power irrationally to punish Debtor for the fact that Debtor requires surgery by depriving him of time to prepare for trial). Abused discretion and usurpation of non-existent judicial power are matters for which writ relief is applicable *Iowa Beef Processors, Inc. v. Bagley* (1979) 601 F.2d 949.

### c. *Temporary Nature of Writ Request*

As emphasized before, Debtor seeks only a 4-6 week respite to recover his strength and health. There is nothing in this request which will permanently impact the rights of either party or cause prejudice to either side.

### 5. DECLARATION

a) My name is Peter Szanto and this is my truthful declaration.
b) I will be having surgery in the next few hours and I am paralyzed with fear that I will die.
c) My expectation for the next 4-6 weeks is that I will be in immense pain while my intestines heal and the skin and muscles covering my stomach suture.
d) I do not anticipate being able to do very much related to the cases in which I am involved in the next 4-6 weeks, because the pain medications I will be taking will likely cause me to be unable to think clearly or to work effectively.
e) Since being advised that I was suffering from skin cancer in 2014, I have battled to stay healthy by doing everything that my physicians have advised me to do.
f) The present surgery is a continuation of my following medical orders which I believe to be in my best interests.
g) My request for 4-6 weeks stay is based on medical advice regarding recuperation times counselled to me by the surgeons and physicians in whom I have the most tremendous confidence.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine California.

Dated 10 July 2019   /s/ *signed electronically* Peter Szanto

### **6. CONCLUSION**

Upon these grounds, Debtor prays a WRIT to issue postponing all proceedings in the Bankruptcy court related to Debtor's various actions therein until September 1, 2019.

Most Respectfully,

Dated 10 July 2019   /s/ *signed electronically* Peter Szanto

## Proof of Service

My name is Maquisha Reynolds, I am over 21 years of age and not a party to the within action. My business address is PO Box 14894, Irvine CA 92623. On the date indicated below, I personally served the within: **Writ Relief Application** by e-mail to contra parties at:

Bank of America's Portland counsel, Mr. Laurick, by email to:

jlaurick@kilmerlaw.com and tparcell@kilmerlaw.com

and by 1st Class Mail, in a sealed envelope with postage prepaid to:

1) JPMorgan Chase Bank's Portland Counsel:

Tim Cunningham at Davis Wright Tremaine

1300 SW Fifth Avenue, Suite 2400, Portland, OR 97201

2) Boris Kukso
United States Department of Justice
Tax Division
P.O. Box 683
Washington, DC 20044

3) United States Bankruptcy Court
1001 SW Fifth Avenue # 700,
Portland OR 97204

4) Gary L. Blacklidge
Jordan Ramis PC
2 Centerpointe Drive, 6th Floor
Lake Oswego, OR 97035

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

Dated 10 July -2019  __/s/ signed electronically__