IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**PETER SZANTO**,

        Appellant,

    v.

**JP MORGAN CHASE BANK, NA,** *et al.*,

        Appellees.

Case No. 3:18-cv-939-SI LEAD

Bankr. Case No. 16-33185-pcm7
Bankr. Adv. Pro. No. 18-03022-pcm

**ORDER**

**Michael H. Simon, District Judge.**

      Peter Szanto ("Szanto") filed an emergency motion requesting the extraordinary relief that the Court order the Bankruptcy Court to stop trial proceedings before the Bankruptcy Court in the adversary proceeding Case No. 18-03022-pcm. Szanto argues that the Court must stop these proceedings because on January 6, 2020, Szanto filed a "Notice of Amendment" and an amended bankruptcy petition relating to his "voluntary" petition filed in his lead Bankruptcy Case No. 16-33185-pcm7. This Notice of Amendment states: "This amendment herein evidences that Szanto no longer seeks nor desires nor asks nor wishes nor qualifies for **Title 11** relief of any sort." ECF 60-1 at 2 (emphasis added). The amended petition states that the Chapter 7 bankruptcy is proceeding without Szanto's consent and is "contrary to [his] choice" and that his

PAGE 1 – ORDER

"qualification for relief under Chapter 11 was abrogated by the Court." Szanto argues that his Notice of Amendment and amended petition serves to withdraw the lead bankruptcy case from the Bankruptcy Court and remove that case from the jurisdiction of the Bankruptcy Court. Szanto further argues that the Bankruptcy Court therefore also lacks jurisdiction to hear the trial in the related adversary proceeding, Case No. 18-03022-pcm, which is scheduled for trial beginning February 4, 2020.

These arguments by Szanto ignore, however, that on December 5, 2017, the Bankruptcy Court converted Szanto's voluntary Chapter 11 petition to an involuntary Chapter 7 bankruptcy case upon the motion of a creditor, and over the objection of Szanto. The Bankruptcy Court ordered Szanto to file various documents and perform other actions in the Chapter 7 bankruptcy, limited his use of the property in the bankruptcy estate, established other requirements for the bankruptcy estate and its creditors, and named a trustee. Szanto appealed the Bankruptcy Court's conversion order, and this Court affirmed the Bankruptcy Court. *See* Case No. 19-cv-0138-SI, ECF 38 (Order dated January 23, 2020).

Furthermore, Rule 1009(a) of the Federal Rules of Bankruptcy Procedure allows a debtor to *amend* his or her petition, list, schedule, or statement of financial affairs, not to unilaterally terminate a case without a court order. Moreover, amendments under Rule 1009(a) are subject to review for prejudice to third parties. *In re Greene*, 583 F.3d 614, 626 (9th Cir. 2009). Szanto's main bankruptcy case has been litigated for four years. Additionally, upon conversion to Chapter 7, Szanto's assets became the property of the bankruptcy estate, subject to his right to claim certain property as exempt. Thus, Szanto has not shown that his underlying "amendment" purportedly withdrawing his involuntary Chapter 7 case would not cause prejudice to his creditors.

PAGE 2 – ORDER

Szanto's Notice of Amendment purporting to withdraw his Chapter 11 (or Chapter 7) petition or file an amended voluntary Chapter 11 or Chapter 7 petition did not serve to terminate the Bankruptcy Court's jurisdiction. Nor did Szanto's purported voluntary amended petition override the Bankruptcy Court's order of December 5, 2017, and subsequent orders, setting forth the requirements for the Chapter 7 bankruptcy case.

Szanto's emergency motion for a writ to prohibit the trial in Bankruptcy Court (ECF 60) is DENIED.

**IT IS SO ORDERED.**

DATED this 3rd day of February, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER