CASE NO. 3:18-cv-939 SI

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

## In Re: Peter Szanto

Peter Szanto,

*Plaintiff-Appellants\,*

vs.

*JPMORGAN CHASE BANK, N.A.; JPMORGAN CHASE & CO.; BANK OF AMERICA, N.A.; and* BANK OF AMERICA CORPORATION
*Defendants-Appellees.*

————————

**Answering Brief By Appellee Bank of America, N.A. to Debtor's First Opening Brief**

————————

On Appeal From United States Bankruptcy Court for the District of Oregon
Adv. Pro. No.: 16-03118 pcm
The Honorable Peter McKittrick

————————

JAMES P. LAURICK, OSB NO. 821530
JLAURICK@KILMERLAW.COM
KILMER, VOORHEES & LAURICK, P.C.
ATTORNEYS AT LAW
732 NW 19TH AVENUE
PORTLAND, OREGON 97209
TELEPHONE: (503) 224-0055
FAX: (503) 222-5290

*Attorneys for Bank of America, N.A.*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

In accordance with Fed. R. Bankr. P. 8012(a), Appellee Bank of America, N.A. is wholly owned by BAC North America Holding Company ("BACNAH"). BACNAH is a direct, wholly owned subsidiary of NB Holdings Corporation ("NB Holdings"). NB Holdings is a direct, wholly owned subsidiary of Bank of America Corporation. Bank of America Corporation is a publicly held company whose shares are traded on the New York Stock Exchange and has no parent corporation. Based on the U.S. Securities and Exchange Commission Rules regarding beneficial ownership, Berkshire Hathaway Inc., 3555 Farnam Street, Omaha, Nebraska 68131, beneficially owns greater than 10% of Bank of America Corporation's outstanding common stock.

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .......................................................................................1

II.     JURISDICTION .........................................................................................1

III.    STATEMENT OF ISSUE PRESENTED....................................................2

IV.     STANDARD OF REVIEW .........................................................................2

V.      STATEMENT OF THE CASE ...................................................................3

VI.     SUMMARY OF ARGUMENT ...................................................................7

VII.    ARGUMENT.............................................................................................10

     1.    Szanto's Claim For Breach Of Contract Is Barred By The
        Statute Of Frauds. ...........................................................................10

     2.    Szanto's Alleged Performance Is Not Sufficient To Take His
        Claim Out Of The Statute Of Frauds................................................16

     3.    Szanto's Interpretation Of California Civil Code Section
        1624(b) Is Incorrect ........................................................................17

     4.    California Civil Code Section 1698(c) Does Not Apply..................19

     5.    The Declaration of Bank of America's Counsel Was Submitted
        For The Purpose Of Authenticating The Attached Documents.........21

     6.    Szanto Cannot Allege A Claim For Promissory Estoppel.................23

VIII.   CONCLUSION .........................................................................................26

CERTIFICATE OF COMPLIANCE..................................................................27

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aceves v. U.S. Bank, N.A.*,
  192 Cal.App.4th 218 (2011)...........................................................................23

*ACLU of Nevada v. City of Las Vegas*,
  333 F.3d 1092 (9th Cir. 2003)...........................................................................2

*Albrecht v. Lund*,
  845 F.2d 193 (9th Cir. 1988)...........................................................................25

*Bagdadi v. Nazar*,
  84 F.3d 1194 (9th Cir. 1996)...........................................................................2

*Boyajian v. New Falls Corp.*,
  564 F.3d 1088 (9th Cir.2009)...........................................................................2

*Clark v. Cty. of Tulare*,
  755 F. Supp. 2d 1075 (E.D. Cal. 2010) .........................................................21

*In re Cromer*,
  153 B.R. 391 (Bankr. E.D.N.Y. 1993) .............................................................2

*In re Crystal Properties, Ltd.*,
  268 F.3d 743 (9th Cir. 2001)...........................................................................2

*De La Cruz v. Citi Mortg. Inc.*,
  No. 1:12–cv–0141–AWI–BAM, 2012 WL 487004 (E.D. Cal. Feb.
  14, 2012)...........................................................................................................24

*Dole Food Co., Inc. v. Superior Court*,
  242 Cal.App.4th 894 .......................................................................................20

*Dougherty v. City of Covina*,
  654 F.3d 892 (9th Cir. 2011)...........................................................................25

*Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*
  122 F.3d 1211 (9th Cir. 1997)...........................................................................10

*Garcia v. World Sav., FSB*
    183 Cal.App.4th 1031 (2010)..........................................................................24

*Griffin v. Green Tree Servicing, LLC*,
    166 F.Supp.3d 1030 (C.D. Cal. 2015) .............................................................24

*Jacobs v. Locatelli*,
    8 Cal.App.5th 317 (2017), *as modified* (Feb. 28, 2017)....................................13

*Adoption of Kelsey S.*,
    1 Cal.4th 816 (1992) .......................................................................................19

*Krobitzsch v. Middleton*,
    72 Cal.App.2d 804 (1946)................................................................................20

*Kruse v. Bank of America*,
    202 Cal.App.3d 38 (1988)................................................................................24

*Langer v. Encantada II*,
    677 Fed. Appx. 360 (9th Cir. 2017) ................................................................10

*Marbled Murrelet v. Babbitt*,
    83 F.3d 1060 (9th Cir. 1996)............................................................................21

*Newgent v. Wells Fargo Bank, N.A.*,
    No. 09cv1525 WQH (WMC)*, 2010 WL 761236 (S.D. Cal. Mar. 2,
    2010) ................................................................................................................24

*Novak v. United States*,
    795 F.3d 1012 (9th Cir. 2015).........................................................................25

*Pinnacle Armor, Inc. v. United States*,
    No. 1:07-CV-01655 LJO, 2012 WL 5307666 (E.D. Cal. Oct. 26,
    2012) ................................................................................................................15

*Raedeke v. Gibraltar Sav. & Loan Assn.*,
    10 Cal.3d 665 (1974) .......................................................................................23

*Rossberg v. Bank of America, N.A.*,
    219 Cal.App.4th 1481 (2013)....................................................................11, 12

*Secrest v. Security National Mortgage Loan Trust*
    *2002–2* 167 Cal.App.4th 544 (2008) ....................................... 10, 11, 12, 16, 17

*Showcase Realty, Inc. v. Whittaker*,
  559 F.2d 1165 (9th Cir. 1977)............................................................2

*Smyth v. Berman*,
  31 Cal.App.5th 183 (2019), *review denied* (Mar. 20, 2019) ......................13, 16

*Steinle v. City and County of San Francisco*,
  919 F.3d 1154 (9th Cir. 2019)...........................................................25

*Sterling v. Taylor*,
  40 Cal.4th 757 (2007) ....................................................................13

*Sutton v. Warner*,
  12 Cal.App.4th 415 (1993).................................................................16

*In re Transcon Lines*,
  58 F.3d 1432 (9th Cir. 1995)..............................................................10

*United States v. Gomez-Norena*,
  908 F.2d 497 (9th Cir. 1990)..............................................................22

*United States v. Wen-Bing Soong*,
  650 F. App'x 425 (9th Cir. 2016) .........................................................21

*US Ecology, Inc. v. State*,
  129 Cal.App.4th 887 (2005)...............................................................23

*In re Webb*,
  954 F.2d 1102 (5th Cir. 1992)..............................................................2

*Westside Estate Agency, Inc. v. Randall*,
  6 Cal.App.5th 317 (2016) .................................................................13

**Statutes**

28 U.S.C. § 158(a) .........................................................................1

Cal. Civ. Code § 1624......................................................9,10,17,18,19

Cal. Civ. Code § 1698......................................................9, 19, 20, 21

Civil Code section 2922 ...................................................................10, 11

Federal Rule of Civil Procedure 12(b)(6) .................................................6

Federal Rule of Civil Procedure 56(d) ................................................................10

Local Bankruptcy Rule 7056-1(a)(1)(B) ..............................................................6

**Other Authorities**

73 Am. Jur. 2d Statute of Frauds § 410 ................................................................3

## I.    INTRODUCTION

This appeal is one of the many appeals filed by Appellant/Debtor Peter Szanto ("Szanto") regarding his adversary proceeding against Bank of America, N.A. ("Bank of America").  Szanto originally alleged several claims against Bank of America asserting that it reneged on its promise to modify his Home Equity Line of Credit Agreement to reinstate interest-only payments.  Bank of America moved to dismiss Szanto's claims and he was allowed leave to amend twice. Finally, the only remaining claim was for breach of contract.  Bank of America filed an answer asserting the affirmative defense of statute of frauds.  After discovery was exchanged, Bank of America filed a motion for summary judgment asserting that Szanto's claim for breach of contract was barred by the applicable California statute of frauds.  Szanto opposed the motion.  The United States Bankruptcy Court for the District of Oregon ("Bankruptcy Court") granted the motion for summary judgment and Szanto appealed.

## II.    JURISDICTION

After entry of judgment in favor of Bank of America [EOR[1], pp. 300-302], Szanto appealed and elected to proceed before this Court.  [EOR, p.  308].  This Court has jurisdiction pursuant to 28 U.S.C. § 158(a).

---

[1] "EOR" refers to Bank of America's Excerpts of Record submitted concurrently with this brief.

### III.    STATEMENT OF ISSUE PRESENTED

Whether the Bankruptcy Court erred in granting summary judgment in favor of Bank of America, where Szanto's claim for breach of contract was barred by the statute of frauds?

### IV.    STANDARD OF REVIEW

When reviewing a decision of the bankruptcy court, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal. *In re Crystal Properties, Ltd.,* 268 F.3d 743, 755 (9th Cir. 2001); *In re Webb,* 954 F.2d 1102, 1103–04 (5th Cir. 1992). A grant of summary judgment is reviewed *de novo, Boyajian v. New Falls Corp.,* 564 F.3d 1088, 1090 (9th Cir.2009), and may be affirmed on any ground supported by the record. *ACLU of Nevada v. City of Las Vegas,* 333 F.3d 1092, 1097 (9th Cir. 2003). "The appellate court must determine, viewing the evidence in the light most favorable to the non-moving party, whether genuine issues of material fact exist and whether the ... court correctly applied the relevant substantive law." *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996). Summary Judgment is appropriate for breach of contract claims barred by the applicable statute of frauds. *See e.g., Showcase Realty, Inc. v. Whittaker,* 559 F.2d 1165 (9th Cir. 1977); *In re Cromer*, 153 B.R. 391, 396 (Bankr. E.D.N.Y. 1993) (noting that "[i]n such circumstances, summary judgment is 'appropriate and frequently the only meaningful remedy' when the

claimed oral contract falls within the statute of frauds and no corroboration exists equivalent to that furnished by a writing. Were it otherwise, a contracting party would be exposed to the risk of being held to a nonexistent bargain on the basis of self-interested and unreliable oral testimony.") (internal citation omitted).   Thus, it has long been held as black-letter law that "Statute of Frauds is a complete defense to an action by either party for damages for a breach of the contract, and an oral contract, even though merely invalid or unenforceable under the Statute of Frauds, and not void, will not sustain an action for damages for breach of contract if the defendant asserts the statute as a defense."  73 Am. Jur. 2d Statute of Frauds § 410

## V.    STATEMENT OF THE CASE

In April 2006, Szanto entered into a Home Equity Line of Credit ("HELOC") Agreement with Countrywide Home Loans, Inc. with regard to certain real property located at 11 Shore Pine Drive, Newport Beach, California. (EOR, p. 185-196).  The HELOC Agreement states, "[t]o secure the payment of all loans I obtain and the performance of all promises I make in this Agreement, I and all co-owners are giving you a Deed of Trust (the 'Deed of Trust') covering my dwelling located at #11 Shore Pine Drive, Newport Beach, CA 92657 (the 'Property'). (EOR, p. 190).  The Deed of Trust is security for my current and future obligations under this Agreement."   (EOR, p. 190).   Szanto received a loan under this agreement that provided for interest-only payments for a period of time.  (EOR, p.

185-196).    There is no dispute that, sometime after 2006, Bank of America succeeded to the rights of Countrywide with regard to this loan. (EOR, p. 282).

Szanto alleges that under the terms of a modification, (or, as he has sometimes alternatively referred to it, a "codicil," "novation," or "supplemental agreement"), Bank of America purportedly promised in June of 2016 to extend or "reinstate" the 5 year "interest-only" payment period under the HELOC Agreement beyond its original expiration date of April 3, 2011. (EOR, p. 223). Szanto did not attach to his pleadings a copy of any writing evidencing any agreement on the part of Bank of America to modify or forebear the rate of interest applicable to Plaintiff's account pursuant to the terms of the original HELOC Agreement. (EOR, pp. 87-115).

In response to discovery directed to Szanto, he produced no writing evidencing any such claimed agreement.  (EOR, pp. 208-218).  When asked to identify "all documents that [Szanto contended] support the allegations contained in [Szanto's] First Cause of Action: Breaches of Contracts", Szanto identified only two pages—an account statement and related payment receipt indicating that in July of 2016, Szanto paid $45,300.41 that was past due and owing pursuant to his original HELOC Agreement, and a wire transfer receipt from August of 2016 purportedly showing a credit to his HELOC account in the amount of $703.65. (EOR, pp. 208-218).  Nowhere do any of these documents reference a modification

or supplemental agreement regarding Szanto's interest rate as alleged in his various complaints.   (EOR, pp. 217-218).   The sole agreement in the record in this adversary proceeding governing the relationship between Szanto and Bank of America is the original April 2006, HELOC Agreement.  (EOR, pp. 185-196).

Szanto filed for protection pursuant to Chapter 11 of the United States Bankruptcy Code on August 16, 2016 and commenced his adversary proceeding against Bank of America on September 29, 2016.  (EOR, p. 241)  Szanto's original adversary complaint [EOR, p. 35-49] ("Complaint") sought damages against Bank of America via several theories including fraud, conspiracy, violation of federal statutes, common law infliction of emotional distress, as well as the "Breaches of Contracts" cause of action that is the subject of the present appeal.

On November 28, 2016, Bank of America filed its initial 12(b)(6) motion to dismiss the Complaint [EOR, pp. 52-63] ("1st MTD"). In support of its 1st MTD, Bank of America attached a "*Declaration of James P. Laurick*" which provided a true and correct copy of Bank of America's sole contract with Szanto—a HELOC agreement dated April 3, 2006 (the "HELOC Agreement").   (EOR, pp. 64-81) Bank of America moved to dismiss all of the claims pled in the Complaint, including Szanto's breach of contract claim, against which Bank of America raised, *inter alia,* a statute of frauds defense.  (EOR, pp. 52-63).   Bank of America's 1st MTD was not heard as Szanto was permitted an opportunity to

amend his Complaint.  (EOR, p. 6). On December 28, 2016, Szanto filed his First Amended Complaint ("FAC") [EOR, p. 6] in which he re-alleged the same basic causes of action he had brought in his original Complaint, including but not limited to his "First Cause of Action: Breaches of Contracts."  (EOR, pp. 82-85).  Again, Bank of America moved to dismiss all causes of action under Federal Rule of Civil Procedure 12(b)(6).  (EOR, p. 6).

Szanto was given an additional opportunity to amend his FAC—which he did on March 27, 2017 by filing the SAC [EOR, p. 82-85, 86-114] ("SAC"). Bank of America responded by filing its third Motion to Dismiss on April 10, 2017. (EOR, p. 9). The final result of the motions was that all of Szanto's claims, except for the First Cause of Action "Breaches of Contract," were dismissed for failure to state a claim. (EOR, pp. 115-136, 160-162).

Bank of America filed its answer to Szanto's sole remaining cause of action on July 19, 2017 [EOR, pp. 163-176] denying Szanto's allegations, and again raising the defense of statute of frauds.  The parties engaged in written discovery and exchanged documents.  (EOR, pp. 197-218).

Bank of America originally filed its motion for summary judgment on October 2, 2017. (EOR, p. 284).   Szanto sought additional time to respond to the motion for summary judgment, in part because Bank of America failed to file a separate concise statement of facts as required by Local Bankruptcy Rule 7056-

1(a)(1)(B). (EOR, p. 284).  Because of the lack of a concise statement of facts, the court struck the October 2 motion and granted Bank of America until October 23, 2017, to refile the motion.  (EOR, p. 284).

On October 23, 2017, Bank of America refiled its motion for summary judgment and supporting documents, including a separately filed concise statement of facts. (EOR, p. 284).  However, because there was a technical issue with the docketing of the documents, they were refiled on October 24, 2017, at the court clerk's request. (EOR, p. 284, 177-256).  The docket indicates that the earlier filings were "superseded."  (EOR, p. 284).

Szanto responded on November 6, 2017.  (EOR, pp. 257-280).  The Bankruptcy Court issued its memorandum opinion granting Bank of America's motion for summary judgment on April 30 2018.  (EOR, p. 281-296).  The Order and Judgment were entered on May 14, 2018.  (EOR, pp. 297-302).  Szanto filed his Notice of Appeal on May 22, 2018.  (EOR, p. 303-307).

The appeal was referred to this Court on May 25, 2018.  (EOR, p. 308).

## VI.    SUMMARY OF ARGUMENT

The Bankruptcy Court did not err in granting Bank of America's motion for summary judgment on Szanto's breach of contract claim.  Szanto's breach of contract claim is barred by the statute of frauds.  There is no dispute that Szanto's breach of contract claim is governed by the law of California.  Under California's

statute of frauds, an agreement regarding an interest in real property must be in writing.  An agreement to modify an agreement that is subject to the statute of frauds must also be in a writing which shows the essential terms of the agreement.

Szanto alleged that he entered into a modification agreement with Bank of America to reinstate interest-only payments on the HELOC.  In support of this assertion, Szanto produced two documents: (1) a statement from Bank of America showing that his outstanding balance on the HELOC loan was $45,300 and a receipt showing the payment of that amount; and (2) a receipt showing a wire transfer in the amount of $703 for Szanto's benefit from Bank of America.  Szanto argued that these two documents formed a writing that was sufficient under the statute of frauds.  Szanto is incorrect because neither document mentions the essential term that he seeks to enforce—return to interest only payments.  For this reason, his claim is barred by the statute of frauds.

Szanto further claims that the statute of frauds is not applicable because he has either partially performed or fully performed under the alleged modification agreement.  This is incorrect.  In addition to part performance, the party seeking to enforce must have changed his position to his detriment; however, the payment of money is not a sufficient change of position under California law because the plaintiff has legal recourse to obtain repayment of money.  Moreover, full performance is only applicable where performance consisted of conveying

property, rendering personal services, or doing something other than payment of money

Szanto further argues that California Civil Code Section 1624(b) allows for the introduction of extrinsic evidence to establish that a contract was formed. That Section, however, applies only to "qualified financial contracts" where both parties are not natural persons and the contract refers to a limited class of agreements. That Section is not applicable here. Szanto next asserts that California Civil Code Section 1698(c) is applicable to remove the alleged agreement from the statute of frauds. However, the payment of money already owed does not constitute new consideration such that Section 1698(c) would apply.

Szanto argues that the Bankruptcy Court improperly relied on the declaration of Bank of America's counsel in making its decision on summary judgment. An attorney declaration is sufficient in regards to a motion for summary judgment where it is restricted to the events of the litigation. Additionally, all documents submitted in support of a motion for summary judgment must be authenticated. The Declaration at issue simply authenticated various documents exchanged in litigation or file in the adversary proceeding. There was nothing improper in the Bankruptcy Court's treatment of the Declaration.

Finally, Szanto asserts that he can demonstrate a claim for promissory estoppel. Szanto did not assert a claim for promissory estoppel in the Bankruptcy

Court and he is unable to satisfy the necessary elements to do so. That being the case, any such amendment would be futile.

## VII.   ARGUMENT

1.   **Szanto's Claim For Breach Of Contract Is Barred By The Statute Of Frauds.**[2]

"[N]onbankruptcy law defines the nature, scope, and extent of the property rights that come into the hands of the bankruptcy estate." *In re Transcon Lines*, 58 F.3d 1432, 1438 (9th Cir. 1995), as amended on denial of reh'g (July 10, 1995). There is no dispute that, under the applicable choice of law rules, Szanto's claim for breach of contract is governed by the laws of California. (AOB[3], p. 4).

Under California's statute of frauds, to be valid, a contract for changes to a loan obligation secured by real property must be in writing and subscribed by the party to be charged. *Secrest v. Security National Mortgage Loan Trust 2002–2* 167 Cal.App.4th 544, 552 (2008) (*Secrest*). The *Secrest* Court held, "[a]n agreement for the sale of real property or an interest in real property comes within the statute

---

[2] Szanto does not challenge the dismissal of his other claims in his AOB. Therefore, any challenge to the dismissal of those other claims is waived. *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.* 122 F.3d 1211, 1217 (9th Cir. 1997) ("We will not consider any claims that were not actually argued in [Appellant's] opening brief.") Szanto does not assert that the Bankruptcy Court's denial of his offer of proof under Federal Rule of Civil Procedure 56(d) was an abuse of discretion. *See Langer v. Encantada II*, 677 Fed. Appx. 360 (9th Cir. 2017). Thus, this issue is also waived.

[3] "AOB" refers to Appellant's Opening Brief.

of frauds. (Civ.Code, § 1624, subd. (a)(3).) A mortgage or deed of trust also comes within the statute of frauds. Civil Code section 2922 states: 'A mortgage can be created, renewed, or extended, only by writing, executed with the formalities required in the case of a grant of real property.'" *Id.*

The *Secrest* Court further held that "[a]n agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds." *Id. citing* Ca. Civ. Code § 1698(a). The Court noted that "[a] modification of a contract is a change in the obligations of a party by a subsequent mutual agreement of the parties." *Id.* Applying that rationale, the *Secrest* Court found that the forbearance agreement in that case attempted to modify the note and deed of trust in the following ways: (1) by substituting a new monthly payment for the one required under the terms of the note; and (2) altering the lender's ability to foreclose under the terms of the note and deed of trust. *Id.* at 553. The Court noted that the deed of trust provided that it secured a debt "evidenced by Borrower's note dated the same date as this Security Instrument" including "all renewals, extensions and modifications of the Note." *Id.* The forbearance agreement "attempted to modify the note and therefore serves as additional evidence of the debt secured by the deed of trust. The January 2002 Forbearance Agreement was therefore subject to the statute of frauds." *Id.*

Similarly, in *Rossberg v. Bank of America, N.A.*, 219 Cal.App.4th 1481, 1503 (2013), the Court held, "[a]n agreement for the sale of real property or an interest in real property comes within the statute of frauds. That includes a promissory note and a deed of trust securing performance under the note. An agreement to modify a contract [including a loan modification] that is subject to the statute of frauds is also subject to the statute of frauds." (internal citations omitted). In *Rossberg*, plaintiffs alleged that they entered into a loan modification agreement with Bank of America that modified the terms of their promissory note and deed of trust by changing the interest rate and principal balance, among other things. The *Rossberg* Court determined that "[t]he statute of frauds therefore required the loan modification agreement to be in a writing and signed by BofA. The Rossbergs, however, concede there is no written loan modification agreement signed by BofA. They therefore failed to allege a cause of action for breach of the purported loan modification agreement." *Rossberg,* 219 Cal.App.4th at 1503.

The HELOC Agreement, here, provides that it is secured by a deed of trust on Szanto's Property that serves as security for his current and future obligations. (EOR, p. 185-196). Thus, it cannot be disputed that the HELOC Agreement was subject to the statute of frauds. Szanto asserted that he obtained a loan modification altering his monthly payment under the terms of the HELOC Agreement. In accordance with *Secrest* and *Rossberg*, the alleged modification is

subject to the statute of frauds.   The writings identified by Appellant in his discovery responses, however, do not satisfy the statute of frauds.

"A memorandum satisfies the statute of frauds if it identifies the subject of the parties' agreement, shows that they made a contract, and states the essential contract terms with reasonable certainty." *Sterling v. Taylor,* 40 Cal.4th 757, 766 (2007).   "The statute of frauds demands written evidence that reflects the parties' mutual understanding of the essential terms of their agreement, when viewed in light of the transaction at issue and the dispute before the court." *Id.* at 775.   "To satisfy the 'writing' requirement of the statute of frauds, the writing may be cobbled together from various documents, but must still identif[y] the subject of the parties' agreement, show[ ] that they made a contract, and state[ ] the essential contract terms with reasonable certainty." *Smyth v. Berman*, 31 Cal.App.5th 183, 197 (2019), *review denied* (Mar. 20, 2019) (internal quotation marks and citations omitted; alteration in original).   The agreement must "provide the essential terms, and it is clear that extrinsic evidence cannot *supply* those required terms." *Jacobs v. Locatelli,* 8 Cal.App.5th 317, 325 (2017), *as modified* (Feb. 28, 2017) (internal quotation marks omitted; emphasis in original).   "Whether a writing is sufficient is a question of law…." *Westside Estate Agency, Inc. v. Randall*, 6 Cal.App.5th 317, 330 (2016).

In his response to the Bank of America's motion for summary judgment and in his brief on appeal, Szanto identified two documents that he claims support his argument that he reached an agreement with Bank of America to modify his loan. The documents are a "statement on Bank of America letterhead showing plaintiff's minimum payment due of $45,300.41 along with a receipt for payment of that amount on July 22, 2016 [EOR, p. 217], and a document, again on Bank of America letterhead, showing an August 10, 2016, wire credit of $703.65 made from Bank of America to The Yankee Trust Corporation for the benefit of Peter Szanto. (EOR, p. 218).  Neither document satisfies the statute of frauds, either individually or reviewed together, because neither document contains any of the essential terms of the alleged modification.

Szanto further contends that his payment, of the amount past due on the HELOC loan just prior to filing for bankruptcy, supports his contention that a modification or novated contract was made.  (AOB, p. 5).  He states that "proffer of proof is the business card of Bank of America's Vice President Mayorga, [Appendix 20] who would also be available to testify about her pivotal role in facilitation of the parties' novation."  (*Id.*)  Szanto argues that his own declaration provides further evidence of the establishment of the novated contract wherein he avers:  "1) the novation involved more than just payment of money, because it included appellant foregoing all of his claims against Bank of America for all harm

14

and injury which had been caused to him and his family regarding collection calls (which included obscene threats of physical harm for failure to pay) and other improper forms of harassment and terror of a mortgagor with a late balance, 2) contention that Bank of America repeatedly asserted that a signed novated deed of trust had been sent to appellant, 3) the full names of those specific bank officers with whom appellant negotiated, so as to enter into the novated contract requirements…"[4] (AOB, pp. 6-7).

None of the evidence presented by Szanto is sufficient to satisfy the statute of frauds.  Neither the document showing payment of outstanding arrearages on the HELOC loan nor Ms. Mayorga's business card contain any essential terms of the alleged modification, namely that Bank of America agreed to accept interest only payments on the HELOC loan.   (EOR, pp. 217-218)  Neither document discusses the payment structure of the HELOC loan going forward, any change to the payment terms, or any change to the interest rate.  The document simply shows that Szanto paid the amount that was outstanding on the HELOC loan.

Likewise, the second document showing a wire transfer in the amount of $703 does not contain any essential terms of the alleged modification.  Although

---

[4] "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Pinnacle Armor, Inc. v. United States*, No. 1:07-CV-01655 LJO, 2012 WL 5307666, at *11 (E.D. Cal. Oct. 26, 2012)(internal quotation marks omitted).

both documents may be considered together to establish a writing under the statute of frauds, even when doing so, the documents fail to meet the requirements of a writing that satisfies the statute of fraud.

Moreover, Szanto's declaration may not be considered in determining whether a writing existed to satisfy the statute of frauds. Extrinsic evidence cannot prove the existence of the parties' contract or supply its essential terms. *Smyth*, 31 Cal.App.5th at 198. The essential terms must be contained in the writing; however, that did not happen here. Therefore, the Bankruptcy Court did not err in determining that Szanto's breach of contract claim was barred by Bank of America's assertion of the statute of frauds defense.

### 2. Szanto's Alleged Performance Is Not Sufficient To Take His Claim Out Of The Statute Of Frauds.

The common law doctrine of part performance is an exception to the statute of frauds "only as applied to contracts for the *sale or lease* of real property." 1 Cal. Real Est. § 1:76 (4th ed.); *See also Sutton v. Warner*, 12 Cal.App.4th 415, 422, (1993). Part performance allows enforcement of a contract despite the lack of a writing, where the party has taken actions either unequivocally referred to or clearly related to the contract's terms. *Secrest*, 167 Cal.App.4th at 555. In addition to partial performance, "the party seeking to enforce the contract must have changed position in reliance on the oral contract to such an extent that application of the statute of frauds would result in an unjust or unconscionable loss, amounting

in effect to fraud." *Id.*  "[U]nder well-established principles of California law, payment of money alone is not enough as a matter of law to take an agreement out of the statute of frauds, and the [plaintiffs] have legal means to recover the [payment] if they are entitled to its return." *Id.* at 548.  Moreover, "[t]he principle that full performance takes a contract out of the statute of frauds has been limited to the situation where performance consisted of conveying property, rendering personal services, or doing something other than payment of money." *Secrest,* 167 Cal.App.4th at 556.

Szanto argues in his brief that his performance of the alleged agreement takes it out of the statute of frauds.  (AOB, pp. 7-8).  Szanto claims that he has performed his part of the agreement by paying his "bill and arrearages," and promising to abandon his unfair debt collection practice claims against Bank of America.  (AOB, p. 8).  The summary judgment evidence shows that Szanto made a payment of the amount due and owing on the HELOC loan.   The only evidence Szanto proffered in support of his alleged promise to forego his unfair debt collection practices claim is his uncorroborated declaration.   Thus, Szanto's assertion that he performed, either partially or fully, by paying money does not take his claim out of the statute of frauds.

### 3.    Szanto's Interpretation Of California Civil Code Section 1624(b) Is Incorrect.

In his Opening Brief, Szanto argues that California Civil Code Section 1624(b) provides "alternate circumstances for enforcement of a contract." (AOB, p. 11). In support, he quotes select portions of the Code Section, but he fails to recite the express limitations contained in that section which make it inapplicable to the alleged agreement at issue.

Section 1624(b)(1) provides, "[a]n agreement or contract that is valid in other respects and is otherwise enforceable is not invalid for lack of a note, memorandum, or other writing and is enforceable by way of action or defense, provided that the agreement or contract is a *qualified financial contract* as defined in paragraph (2)." (emphasis added). Paragraph 2 of Section 1624(b) states:

> 2) For purposes of this subdivision, a "qualified financial contract" means an agreement as to which each party thereto is other than a natural person and that is any of the following:
>
> (A) For the purchase and sale of foreign exchange, foreign currency, bullion, coin, or precious metals on a forward, spot, next-day value or other basis.
>
> (B) A contract (other than a contract for the purchase of a commodity for future delivery on, or subject to the rules of, a contract market or board of trade) for the purchase, sale, or transfer of any commodity or any similar good, article, service, right, or interest that is presently or in the future becomes the subject of a dealing in the forward contract trade, or any product or byproduct thereof, with a maturity date more than two days after the date the contract is entered into.
>
> (C) For the purchase and sale of currency, or interbank deposits denominated in United States dollars.

18

(D) For a currency option, currency swap, or cross-currency rate swap.

(E) For a commodity swap or a commodity option (other than an option contract traded on, or subject to the rules of, a contract market or board of trade).

(F) For a rate swap, basis swap, forward rate transaction, or an interest rate option.

(G) For a security-index swap or option, or a security or securities price swap or option.

(I) An option with respect to any of the foregoing.

Cal. Civ. Code § 1624 (b)(2).

Section 1624(b) does not apply here because the alleged agreement is not between two parties that are "other than a natural person." Szanto is a natural person, so this Section cannot apply. Moreover, the alleged agreement to modify the HELOC loan agreement does not fall under any of the types of contracts that are governed by this Section. Where, as here, the California Legislature has provided a statutory definition, that definition controls. *Adoption of Kelsey S.*, 1 Cal.4th 816, 826 (1992) ("If the Legislature has provided an express [statutory] definition, we must take it as we find it.") Therefore, this Court should disregard Szanto's argument regarding Section 1624(b).

**4.    California Civil Code Section 1698(c) Does Not Apply**.

California Civil Code Section 1698 provides:

(a) A contract in writing may be modified by a contract in writing.

19

(b) A contract in writing may be modified by an oral agreement to the extent that the oral agreement is executed by the parties.

(c) Unless the contract otherwise expressly provides, a contract in writing may be modified by an oral agreement supported by new consideration. The statute of frauds (Section 1624) is required to be satisfied if the contract as modified is within its provisions.

It is well established "that a supplemental agreement either adding to or varying the terms of the original contract, so as to impose new and onerous burdens upon one of the parties, requires a consideration to support it." *Krobitzsch v. Middleton*, 72 Cal.App.2d 804, 808 (1946). An obligation already owed by the promisee to the promisor is not consideration. *See, e.g., Dole Food Co., Inc. v. Superior Court,* 242 Cal.App.4th 894, 911(2015) ("It is hornbook law that '[d]oing or promising to do what one already is legally bound to do cannot be consideration for a promise.'")

It is apparent from the language of the statute that any modification of the HELOC loan was required to be in writing because the HELOC loan agreement was in writing and because it was subject to the statute of frauds. Cal. Civ. Code § 1698(a-b).

In his AOB, Szanto asserts that the alleged modification of the HELOC loan was governed by Section 1698(c) because he claims that "the new consideration was the payoff of all arrearages at a time when appellant did not have to pay

because he was protected from further collection by the soon to take effect Bankruptcy stay, consideration was also the abandonment of poor collection practice claims, as well as the reciprocal consideration for debtor's expenses from Bank of America." (AOB, p. 8). As stated above, the payment of money already owed cannot serve as new consideration. Here, Szanto paid the amount due and owing to bring the loan current and so the payment is not consideration under Section 1698(c). Additionally, although Szanto asserts that there was an agreement that he would abandon his debt collection claims in exchange for the change to the payment terms, there is simply no evidence of this in the writings identified by Szanto.

**5.    The Declaration of Bank of America's Counsel Was Submitted For The Purpose Of Authenticating The Attached Documents**.

"Declarations by attorneys are sufficient [for summary judgment purposes] only if the facts stated are matters of which the attorney has knowledge, such as matters occurring during the course of the lawsuit, such as authenticity of a deposition transcript." *Clark v. Cty. of Tulare*, 755 F. Supp. 2d 1075, 1084 (E.D. Cal. 2010). Documentary evidence must be properly authenticated for use in a motion for summary judgment. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir. 1990).

"By failing to object to evidence at trial and request a ruling on such an objection, a party waives the right to raise admissibility issues on appeal."

*Marbled Murrelet v. Babbitt,* 83 F.3d 1060, 1066 (9th Cir. 1996), as amended on denial of reh'g (June 26, 1996); *United States v. Wen-Bing Soong*, 650 F. App'x 425, 428, n.1 (9th Cir. 2016) ("For the first time on appeal, the parties raise the competency and reliability of certain declarations submitted in the district court. Because neither party raised these evidentiary objections in the district court, we deem them waived.").  "A party challenging the admission of evidence must timely object and state the specific grounds for his objection." *United States v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990).

In his AOB, Szanto asserts that the Bankruptcy Court erred in relying on counsel's declaration because "statements of counsel are not evidence."  (AOB, p. 10).  He specifies, "in reading the trial court's opinion, this Court should observe the reliance the trial judge attaches to the declaration of Bank of America's counsel."  (*Id.*)  The Declaration to which Szanto is referring is the Declaration of James Laurick submitted to authenticate certain documents referenced in the motion for summary judgment.  (EOR, pp. 181-184).  Szanto did not object to the admission of this Declaration or the documents attached to it in the Bankruptcy Court; therefore, he has waived any objections as to admissibility.

The documents attached to the Declaration are:  (1) the HELOC loan agreement that was presented to the court nearly a year earlier as an exhibit to the declaration in support of the original motion to dismiss; (2) Plaintiff's Response to

BANA's First Set of Interrogatories; (3) Plaintiff's Response to BANA's Request For Documents; and (4) selected portions of the Second Amended Complaint in the underlying action.  (EOR, pp. 185-239).  All of the statements that are made in the declaration refer to documents that were exchanged or filed in the course of the case.  (EOR, pp. 181-184).  Thus, these documents were properly authenticated by the Declaration.  Szanto does not identify any particular statement or document that he finds objectionable in his brief.  Therefore, this Court should find that the Bankruptcy Court could rely on the documentary declaration.

### 6. Szanto Cannot Allege A Claim For Promissory Estoppel.

In his AOB, Szanto claims that "[a]nother manner in which to bind Bank of America to its promise to appellant's payment protocol as interest only is through the doctrine of promissory estoppel."  (AOB, pp. 16-18).  Szanto did not assert a claim for promissory estoppel at the Bankruptcy Court, nor did he request leave to amend on appeal.  However, there is no abuse of discretion in denying leave to amend because any amendment would be futile.

Under California law, "[t]he elements of a promissory estoppel claim are (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance."  *US Ecology, Inc. v. State,* 129 Cal.App.4th 887, 901-902 (2005)  (internal citations

omitted; alteration in original).    An appellant must allege significant reliance to support a promissory estoppel claim.  *Raedeke v. Gibraltar Sav. & Loan Assn*., 10 Cal.3d 665, 673 (1974).

First, as discussed earlier, there is no evidence of a clear and unambiguous promise.  Second, regarding alleged promises of loan modification, substantial reliance requires action such as conversion of a bankruptcy filing or obtaining a bridge loan.  *See Aceves v. U.S. Bank, N.A*., 192 Cal.App.4th 218, 226 (2011); *see also Garcia v. World Sav., FSB* 183 Cal.App.4th 1031, 1040-1041 (2010).  Indeed, California courts have noted,  mere "hopeful expectations cannot be equated with the necessary justifiable reliance." *Kruse v. Bank of America*, 202 Cal.App.3d 38, 55 (1988).  "Merely submitting a modification application or making payments to the beneficiary or servicer, however, is insufficient to establish the required detrimental reliance, because plaintiff was already legally obligated to make payments under the loan." *Ortiz v. Am.'s Servicing Co.,* No. EDCV 12–191 CAS*, 2012 WL 2160953, at *7 (C.D. Cal. June 11, 2012); *see also Griffin v. Green Tree Servicing, LLC,* 166 F.Supp.3d 1030, 1046 (C.D. Cal. 2015) (Where plaintiff was already obligated to make larger payment on her loan, "the fact that she remitted three reduced payments…is not a legally cognizable form of injury" sufficient to state a cause of action for promissory estoppel); *De La Cruz v. Citi Mortg. Inc.*, No. 1:12–cv–0141–AWI–BAM, 2012 WL 487004, at *3 (E.D. Cal. Feb. 14, 2012)

("Further, plaintiffs do not allege sufficient reliance on the new representation, in that plaintiffs already were bound contractually to make loan payments."); *Newgent v. Wells Fargo Bank, N.A.,* No. 09cv1525 WQH (WMC), 2010 WL 761236, at *7 (S.D. Cal. Mar. 2, 2010) ("First, Plaintiff alleges that she made a payment that she would not have made if she did not believe Wells Fargo was renegotiating her mortgage. Because Plaintiff was already legally obligated to make payments on her mortgage, the Court concludes that the payment in reliance on the promise that Wells Fargo would delay the trustee's sale was not detrimental.").

Szanto makes no argument in the AOB that he can amend his SAC to state a claim for promissory estoppel, nor does he seek leave to do so. Therefore, the issue has been waived. *Steinle v. City and County of San Francisco*, 919 F.3d 1154, 1167 (9th Cir. 2019). Moreover, because he previously had two opportunities to amend, this Court should determine that leave to amend would be futile and affirm the Bankruptcy Court's judgment. *See Albrecht v. Lund,* 845 F.2d 193, 195 (9th Cir. 1988) ("if a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied, even if prior to a responsive pleading, if amendment of the complaint would be futile"); *Dougherty v. City of Covina,* 654 F.3d 892, 901 (9th Cir. 2011) (complaint properly dismissed without leave to amend where plaintiff failed to state a claim

and plaintiff failed to identify facts that would have cured the defect); *Novak v. United States,* 795 F.3d 1012, 1020 (9th Cir. 2015) ("the 'general rule that parties are allowed to amend their pleadings…does not extend to cases in which any amendment would be an exercise in futility…Futility alone can justify a court's refusal to grant leave to amend.'")

In this case, Szanto could not state a claim for promissory estoppel and any attempt to do so would be futile.

## VIII. CONCLUSION

In light of the above, this Court should affirm the Bankruptcy Court's grant of summary judgment in favor of Bank of America.

Dated: June 8, 2020.

KILMER VOORHEES & LAURICK, P.C.

*/s/ James P. Laurick*
James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
Kilmer, Voorhees & Laurick, P.C.
Attorneys at Law
732 NW 19th Avenue
Portland, Oregon 97209
Telephone: (503) 224-0055
Fax: (503) 222-5290

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. Bankr. P. 8015(a)(7)(B) or 8016(d)(2) because this brief contains 6,232 words, excluding the parts of the brief exempted by Rule 8015(a)(7)(B)(iii) or 8016(d)(2)(D).

KILMER VOORHEES & LAURICK, P.C.

*/s/ James P. Laurick*
James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
Kilmer, Voorhees & Laurick, P.C.
Attorneys at Law
732 NW 19th Avenue
Portland, Oregon 97209
Telephone: (503) 224-0055
Fax: (503) 222-5290

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 8th day of June, 2020, the foregoing **ANSWERING BRIEF BY APPELLEE BANK OF AMERICA, N.A. TO DEBTOR'S FIRST OPENING BRIEF** will be served in accordance with the Court's CM/ECF system which will send notification of such filing by notice via email to the ECF participants of record a true copy of the foregoing document.

KILMER, VOORHEES & LAURICK, P.C.


*/s/ James P. Laurick*
James P. Laurick, OSB No. 821530
732 NW 19th Avenue, Portland, OR  97209
jlaurick@kilmerlaw.com
Phone No.:  503-224-0055
Fax No.:  503-222-5290
Of Attorneys for Defendants Bank of America,
N.A. and Bank of America Corporation
I:\10011\0061\Pleadings - USDC (3 18-cv-00939-SI) - LEAD CASE FILE
ALL USDC HERE\Responding brief.DOCX