IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**PETER SZANTO**,

    Appellant,

v.

**JP MORGAN CHASE BANK, NA,** *et al.*,

    Appellees.

Case No. 3:18-cv-939-SI LEAD

**ORDER**

**Michael H. Simon, District Judge.**

    Peter Szanto (Szanto) filed an emergency motion requesting that the Court enjoin Appellees JP Morgan Chase Bank, NA and JP Morgan Chase & Co. (collectively, Chase) from foreclosing on Szanto's primary residence during the pendency of his appeal of this case to the Ninth Circuit. Under Rule 8(a)(1)(C) of the Federal Rules of Appellate Procedure, a litigant must first file in the district court a motion for an order granting an injunction while an appeal is pending.

    "To determine whether to grant an injunction pending appeal, [a] court applies the test for preliminary injunctions." *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1176 (9th Cir. 2021). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer

PAGE 1 – ORDER

irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) that an injunction is in the public interest. *Id.* at 20. "The Ninth Circuit applies a 'sliding scale' approach to preliminary injunctions such that a preliminary injunction can issue 'where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor.'" *Id.* (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (alterations in original)).

Szanto fails to show that he meets the requirements for an injunction. He fails to show that he is likely to succeed on the merits of his appeal, or even that there are serious questions on the merits of his appeal.

On November 5, 2020, the Court affirmed the orders of the Bankruptcy Court appealed to this Court by Szanto. ECF 98. Szanto then appealed this Court's Opinion and Order to the Ninth Circuit. Szanto argues that he is likely to succeed on the merits of his appeal because the Court made several errors in affirming the Bankruptcy Court.

First, Szanto asserts that the Court acknowledged that Szanto tendered $1 million in payment to Chase in 2012, and Szanto argues that the $1 million has not properly been applied or accounted for and the Court erred in allowing this to go unanswered by the Bankruptcy Court. This argument misunderstands the Court's Opinion. Szanto generally cites the following passage in the Court's opinion:

> Szanto argued to the Bankruptcy Court that Chase "punished" Szanto for filing the lawsuit about the securities losses. He asserted that Chase continued foreclosure proceedings, refused to negotiate the $1 million Szanto tendered after the 2012 settlement agreement, and continued to act in an improper manner against Szanto throughout the foreclosure and bankruptcy proceedings. He contended that Chase's conduct caused Szanto extreme emotional and physical distress. Szanto asserted that this is a pattern of conduct for Chase.

PAGE 2 – ORDER

ECF 98 at 14. The Court then noted that the Bankruptcy Court dismissed Szanto's claim for intentional infliction of emotional distress, and affirmed the Bankruptcy Court's dismissal because the alleged conduct did not state such a claim. *Id.* at 15. The Court did not conclude that Szanto actually made the alleged $1 million tender, but simply recited Szanto's *allegations* and affirmed the Bankruptcy Court's dismissal of Szanto's claim for intentional infliction of emotional distress. Additionally, the Court specifically found that the 2012 Settlement Agreement between Chase and Szanto did not involve his residential mortgage and did not reduce his residential mortgage balance to $1 million. *Id.* at 12. This allegation of error is not likely to succeed.

Szanto next argues that the Court erred by affirming the Bankruptcy Court's decision on Szanto motion to join an indispensable party. The Bankruptcy Court did not specifically identify the legal standard applied, and the Court stated that it could infer the Rule 19 standard from the discussion of the Bankruptcy Court. Szanto argues that the Court erred by inferring a legal standard. The Court analyzed whether Chase's Trustee was a necessary and indispensable party under Rule 19 and whether the Bankruptcy Court erred in denying Szanto motion to add Chase's Trustee under Rule 19, considering the Bankruptcy Court's discussion. Szanto does not argue what standard the Bankruptcy Court should have applied, or this Court should have applied in reviewing the Bankruptcy Court's decision on appeal. Szanto is not likely to succeed on this allegation of error.

Szanto's third alleged error is that the Court concluded that the Bankruptcy Court resolved only the securities dispute between Chase and Szanto, and thus the residential mortgage dispute remains outstanding. The quoted section of opinion, however, belies this argument. The Court stated: "The Bankruptcy Court found that the *agreement* did not include Szanto's

residential mortgage but only resolved his claim relating to his securities losses." ECF 98, at 10[1] (emphasis added). Thus, the *Bankruptcy Court* did not resolve only Szanto and Chase's security dispute, but found that the *2012 Settlement Agreement* resolved only the security dispute and did not address the mortgage. The Court agreed, which is why the Court concluded that the 2012 Settlement Agreement did not reduce Szanto's mortgage balance to $1 million or otherwise change any of his payment terms and conditions. This alleged error is not likely to succeed.

Szanto's final allegation of error on which he claims he is likely to succeed is that the Court erred in concluding that the Bankruptcy Court did not err in refusing to admit extrinsic evidence about what the 2012 Settlement Agreement addressed. Because the Court agreed with the Bankruptcy Court that the contract was unambiguous, the Bankruptcy Court was not required to consider the proffered extrinsic evidence. Szanto is not likely to succeed on this argument.

Szanto has not met his burden to show that he is likely to succeed, or even raise serious questions, on the merits of his appeal. Thus, Szanto fails to show that he is entitled to the extraordinary relief of an injunction pending appeal. The Court declines to consider the remaining factors. The Court DENIES Szanto's motion for an injunction pending appeal, ECF 114.

**IT IS SO ORDERED.**

DATED this 8th day of February, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[1] A more complete quote for context is: "The Bankruptcy Court found that the 2012 settlement agreement was unambiguous. The Bankruptcy Court found that the agreement did not include Szanto's residential mortgage but only resolved his claim relating to his securities losses. The Bankruptcy Court therefore dismissed Szanto's breach of contract claim. . . . Considering the issue *de novo*, this Court agrees with the Bankruptcy Court."

PAGE 4 – ORDER