IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PETER SZANTO**, <br><br>  Appellant, <br><br>  v. <br><br>**JP MORGAN CHASE BANK, NA,** *et al.*, <br><br>  Appellees. | Case No. 3:18-cv-939-SI LEAD <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

  Peter Szanto (Szanto) filed a motion requesting that the Court enjoin Appellees JP Morgan Chase Bank, NA and JP Morgan Chase & Co. (collectively, Chase) from foreclosing on Szanto's primary residence during the pendency of his appeal of this case to the Ninth Circuit. Under Rule 8(a)(1)(C) of the Federal Rules of Appellate Procedure, a litigant must first file in the district court a motion for an order granting an injunction while an appeal is pending. The Court denied Szanto's motion on February 8, 2022.

  On February 9, 2022, Szanto filed an emergency motion requesting that the Court temporarily enjoin Chase from foreclosing on Szanto's residence for two weeks so that Szanto can perfect a motion for an injunction pending appeal and file it with the Ninth Circuit. Szanto contends that allowing the foreclosure to proceed before he can appeal to the Ninth Circuit will

PAGE 1 – ORDER

render his appeal essentially moot. Szanto also states that he has started refinancing his residence with a new lender. This new loan will pay off Chase's current mortgage that is in arrears, which will make the pending foreclosure unnecessary. Szanto notes, however, that to pay off Chase requires that the foreclosure be delayed long enough for the refinancing to be finalized. Szanto also describes the irreparable harm he faces, as an elderly man undergoing cancer treatment, if his home of 22 years is foreclosed upon.

The Court remains skeptical about Szanto's likelihood of success on the merits of his appeal. The Court, however, appreciates Szanto's point that if his house is foreclosed upon before he is able to litigate his request for an injunction before the Ninth Circuit, his opportunity to be heard becomes less effective. The Court also finds that under the circumstances, Szanto faces significant irreparable harm from the foreclosure. *See Gosha v. Bank of New York Mellon Corp.*, 2019 WL 2744186, at *2 (D. Or. Apr. 15, 2019) (gathering cases). "[T]he severity of the harm that [Szanto] would face with the loss of [his] home offsets [his] lesser showing of [the likelihood of success] element of the *Winter* test," *id.*, particularly for a short temporary injunction. The public interest factor in this case is neutral. "When the reach of an injunction is narrow, limited only to the parties, and has no impact on non-parties, the public interest will be at most a neutral factor in the analysis rather than one that favors granting or denying the preliminary injunction." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1138-39 (9th Cir. 2009) (simplified). The balance of the equities tips sharply in favor of granting a short temporary injunction, given the magnitude of the potential harm to Szanto, the potential benefit to Chase if Szanto can complete the refinance and pay off his debt to Chase, and the *de minimus* harm to Chase with a short delay in conducting the foreclosure if Szanto does not complete the refinance.

PAGE 2 – ORDER

The Court GRANTS Szanto's emergency motion for a temporary restraining order, ECF 121. Chase, its agents and employees, and all persons acting under its direction are enjoined from foreclosing on Szanto's residence at 11 Shore Pine, Newport Beach, CA 92657. This Order shall expire fourteen (14) days after entry. In the interest of justice, Szanto need not provide any security, and the Court waives all requirements under Rule 65(c) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED this 9th day of February, 2022, at 1:35 p.m.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge